## Petition of SHERIDAN et al.

District Court, D. Maine, S. D.
July 28, 1943.

Nathan W. Thompson, of Portland, Me., and Bigham, Englar, Jones & Houston, of New York City, for petitioners.

Abraham L. Kaplan, of Boston, Mass., for claimants.

Hale & Dorr, of Boston, Mass., and William B. Mahoney, of Portland, Me., for O'Hara Vessels Co.

PETERS, District Judge.

This case arises on petition of D. T. Sheridan and Sheridan Transportation, Inc., owner and operator, respectively, of the barge "Winifred Sheridan", for exemption from or limitation of liability. Revised Statutes, Sections 4283–4287, 46 U.S.C.A. §§ 183–187. The proceeding immediately followed the libelling of the barge in a suit instituted by members of the crew of the fishing schooner "Mary E.

O'Hara", who were injured in a collision between the schooner and the barge in Broad Sound, outside of Boston Harbor, Massachusetts, on the early morning of January 21, 1941.

In the same accident many others of the schooner's crew were drowned and their representatives have joined with the other damage claimants in this proceeding.

A consolidated answer to the petition was filed by the damage claimants alleging that the collision was due to the fault of the barge; that she was unseaworthy and not properly manned, to the knowledge of the petitioners; that the crew were not properly instructed as to their duties and that after the collision those in charge of the barge took no steps to save the lives of the schooner's crew.

As a result of the accident three separate limitation proceedings were instituted,—one in Boston by the owner of the "O'Hara", one in New York by the owner of the tug "Montrose", which had the "Sheridan" and two other barges in tow, and this one in Maine. A full hearing was had in New York on that petition in May, 1942, and, by agreement, a transcript of the testimony and the exhibits in that case were introduced in evidence in this case to save the expense of another hearing which would be almost wholly repetitious, so far as evidence is concerned.

Judge Campbell, of the district court in the Southern District Court of New York, who heard the case there, made a careful and exhaustive statement of the facts surrounding the accident, which is included in his opinion printed in The Montrose, 47 F. Supp. 719–725, with which statement I agree and adopt and refer to as my findings of fact herein.

■ It must be held from the evidence submitted to me, as Judge Campbell also necessarily concluded, I think, that "the failure to maintain a proper and efficient lookout on the 'Mary E. O'Hara', was the sole and proximate cause of the collision." [47 F.Supp. 724]

The decision of Judge Campbell exonerated the tug from fault, that being the question before him,—the right to limit liability being conceded. The same facts, however, with the necessary conclusion that the whole fault was with the operation of the "O'Hara", will exonerate the barge "Sheridan", unless something has appeared in the proceedings in Maine to prevent such a result.

■ At the hearing on the petition here, where the right to limit liability was denied, the petitioner introduced evidence from which, with the other evidence on the same subject, I find that the barge was seaworthy in all respects, including equipment; properly handled and placed at the time of the accident, being at anchor; with proper and sufficient lights showing, and with no error or blame attributable to her, in whole or in part for the accident. It appeared in evidence, however, that the certificate of inspection, in force at the time, called for a master and two able seamen, as the complement of officers and crew.

The barge had a qualified master and two ordinary seamen, so-called, only.

It was considered by the damage claimants that this made her technically unseaworthy and prevented the owner taking advantage of the limitation statute. Motions were made to dismiss the petition which were denied till the whole case should be heard and considered.

I am still unable to find any merit in the motions.

■ Even if the petitioners had not shown seaworthiness the claimants must still prove causal connection between unseaworthiness and the disaster. If that is shown, the burden of proof shifts to the owner, seeking limitation of liability, to establish that the unseaworthiness was without his privity or knowledge. The Carroll, D.C., 60 F.2d 985–990.

■ It was not and could not be shown that the alleged unseaworthiness had any possible connection with the collision, because the two seamen on the barge had nothing to do with the situation from which the accident arose. The barge was properly handled by the men on board. Retired admirals could have done no more. Moreover, there was no privity or knowledge on the part of the owner or operator. The master, an experienced man, hired the crew on his own authority.

I conclude that the petitioners are entitled to the benefit of the statute, including its limitation provisions. The petitioners, however, were in no way to blame for the unfortunate accident and should be exonerated. Decree accordingly. Costs to the petitioners.